## 7933.  MITCHELL v. THE STATE.

1. The act of 1915 (Ga. L. 1915, Extraordinary Session, p. 99, § 16) made it a penal offense, punishable as a misdemeanor, for any person to receive, accept delivery of, possess, or have in possession at one time, or within any period of thirty consecutive days, whether in one or more places or whether in original packages or otherwise, more than two quarts of spirituous liquors or other intoxicating or prohibited liquors.

2. "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." Penal Code (1910), § 31. Criminal intent is a necessary element in the commission of any of the offenses made penal by the prohibition act of 1915; but criminal intent in such connection is simply the intention to do the act which the legislature has prohibited.

3. The evidence demanded a verdict of guilty, and the exception to the charge of the court is without merit.

DECIDED SEPTEMBER 13, 1917.

Accusation of misdemeanor; from city court of Thomasville— Judge W. H. Hammond. October 3, 1916.

*W. J. Hammond, Titus, Dekle & Hopkins, C. E. Hay,* for plaintiff in error. *H. J. MacIntyre, solicitor,* contra.

GEORGE, J. Bob Mitchell was tried and convicted on an accusation which charged that he did, in Thomas county, on the second day of September, 1916, unlawfully receive and accept delivery of, and possess and have in his possession at one time and in a period of thirty consecutive days, more than two quarts of whisky. The accused at first denied that the whisky was in his possession, but later admitted that he had in his possession, on the date alleged in the indictment, more than two quarts of whisky. The whisky in his possession consisted of about 48 half-pints. He contended that under an agreement with J. C. Tyrus, who sometimes acted as a deputy sheriff, he brought the whisky from the State of Florida into the county, for the purpose of delivering it to residents of the county who were engaged in violating the prohibition law, and then reporting to Tyrus the names of those to whom he had delivered it, in order that they might be arrested. Tyrus was sworn as a witness, and testified that he had been acting as special deputy sheriff for several months. He had been sworn in as such deputy sheriff, but had given no bond. On September 2 the accused reported to Tyrus that several negroes had requested him (the accused) to get them more than the amount of whisky

allowed by law. Tyrus told the accused to go after this whisky for the people who wanted him to get it, and deliver it to them as soon as he got back, and then to report to the witness. The accused had not succeeded in making a delivery of the whisky before he was arrested and lodged in jail. It was the intention of the witness to arrest those to whom the accused delivered the whisky. after he had delivered it and had furnished the necessary information to the witness. The witness further testified that he had not notified the sheriff concerning his purpose, but intended to do so. The sheriff disclaimed any knowledge of the scheme, but admitted that Tyrus had acted on several occasions as his deputy, and further admitted that the accused had helped him to locate certain violators of the prohibition laws, and had furnished information which led to their arrest and conviction.

It is the contention of the plaintiff in error that the act of 1915 (Georgia Laws, Extraordinary Session 1915, p. 90) did not make it a penal offense for any person to receive, accept delivery of, possess, or have in possession, at one time or within any period of thirty consecutive days, more than two quarts of spirituous liquors or intoxicating liquors or other prohibited liquors, but merely made the possession of more than two quarts of such liquors prima facie evidence of an intent to sell, and to keep on hand for the purpose of sale, whisky and other prohibited liquors. In this we do not agree with the plaintiff in error. Section 16 of the act declares that "it shall be unlawful for any person to receive, accept delivery of,' possess, or have in possession, at any one time, or within a period of thirty consecutive days, . . more than two quarts of spirituous liquors" or other prohibited liquors. Section 29 of the act provides that "any person, firm, or corporation violating any provision of this act shall be guilty of a misdemeanor and punished as for a misdemeanor, as prescribed in section 1065 of the Penal Code of 1910." Under the act, the possession at any one time, or within any period of thirty consecutive days, of more than two quarts of liquor is in itself a misdemeanor, and is also prima facie evidence of the further offenses defined in the act.

· Section 31 of the Penal Code (1910) declares: "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." It is insisted that in-

tent to violate the law was wholly rebutted by the evidence in this record. This position is founded upon a misapprehension of the law. The defendant intended to commit the act which the law prohibits. He knew the law, and brought the whisky into Thomas county for the express purpose of inducing others to violate the law, or for the purpose of assisting them in its violation. He was enmeshed in the net spread by himself. The law does not countenance the commission of a crime even though the purpose be the apprehension of others engaged in the same criminal conduct. There is crime enough already, and it is no part of the duty of an officer of the law to aid or abet another in the commission of crime. If, to accomplish a great good, it is ever permissible to do a wrong, certainly the ministers of the law are not to be encouraged in their efforts to induce others to commit crime, even though they may intend the arrest and punishment of their unsuspecting victims. The sheriff of the county washed his hands of the whole transaction, and he is to be commended for his act. Perhaps the jury that convicted the defendant, and the judge who sentenced him, believed that his whole defense was but another scheme to evade the plain letter of the prohibition laws of the State. The defendant's contentions were substantiated by the acting deputy sheriff, but this does not relieve the defendant or, in our view, mitigate his offense. Let the judgment be

Affirmed. Wade, C. J., and Luke, J., concur.