## 9783.  CRAPP *v.* STATE OF GEORGIA.

1. This case has been transferred back to this court by the Supreme Court, under the ruling of that court that the assignments of error involving constitutional grounds were too indefinite to be considered.

2. The evidence demanded a verdict in favor of the plaintiff; and the special ground of the motion for a new trial, assigning error upon the court's refusal to charge the jury as requested, is without merit.

DECIDED JANUARY 15, 1919.

Condemnation under liquor law; from city court of Sylvester—Judge Monk. February 11, 1918.

This was a proceeding instituted by the State of Georgia, through the solicitor of the city court of Sylvester, under the provisions of the act of 1917 (Ga. L. 1917, Ex. Sess., p. 16), and was maintained for the purpose of condemning and selling an automobile, which it is alleged was owned and used by the defendant in con-

17

veying spirituous, vinous, malted, fermented, and intoxicating liquors on the public roads of Worth county. The defendant filed a demurrer to the petition and sought therein to raise certain questions involving the constitutionality of the act. The court overruled the demurrer, and the exceptions to that ruling have been disposed of by the Supreme Court. See *Crapp* v. *State,* 148 *Ga.* 150 (95 S. E. 993).

Upon the trial of the case the defendant testified: "The morning I was arrested I was on my way to Dawson. I had people living in Terrell county and was going up there to—I had nearly a quart of whisky with me, and afterwards plead guilty for being drunk on the public highway and having whisky in my possession. The whisky was in my grip. It was not my purpose to carry the whisky to Dawson. I only had it along with me for my own use. I was not hauling it for the purpose of delivering it to any place or to any person. I was not making the trip to carry the whisky anywhere, but had it along with me to use myself. I got this whisky the evening before in Sylvester from a colored man, went back home in this automobile with it that night, and, after spending the night at home, took it along with me the next morning, and on my way to Dawson and Terrell county I was arrested with it and my car was taken charge of by the sheriff. Bought one quart and a pint, and had drunk the pint and part of the quart, and had the balance with me on my way up to Terrell county, where my people live. I would have taken this whisky to Dawson with me if I had not been interrupted by the officers." The verdict was in favor of the plaintiff, and the defendant made a motion for a new trial, the only ground of which, other than the general grounds, was that the court erred in refusing a request to charge the jury as follows: "If the evidence discloses that the defendant in this case was transporting whisky from one point to another, and that he was using his car for the purpose of transporting or conveying the whisky, then you should find against the defendant. On the other hand, if you should find, from the evidence, that the defendant had some whisky with him, and that the transportation of it on the car was merely incidental to the trip, that it was primarily his purpose to convey the whisky, but that he took the whisky along with him for his own use, and that it was not his intention to carry the whisky to some other point, then you

should find in favor of the defendant in this case." The motion for a new trial having been overruled, the defendant excepted.

*G. R. Nottingham, L. D. Passmore,* for plaintiff in error.

*Clyde Forehand, solicitor,* contra.

JENKINS, J. (After stating the foregoing facts.) In our opinion, the request to charge does not contain a correct statement of the explicit terms of the law, nor does it conform to what is its plainly expressed purpose and intention. It is insisted by counsel for the defendant that, construing these portions of the act in connection with the title, it must be seen that it was not the intention of the legislature to condemn a vehicle when the carrying of whisky was merely incidental, and that the law condemns the vehicle only when it is being used for the primary purpose of transporting or conveying liquors. In other words, if the vehicle was used for the primary purpose of conveying or transporting liquors, the provisions of the act would be operative; but if the liquors were thus being merely incidentally transported, and only because the vehicle was at the time being used for another and different purpose, then the penalty would not obtain. So much of the title of the act referred to as is material to this case is as follows: "An act to amend and supplement the prohibition laws of this State; to make it unlawful to transport, ship, or deliver in this State, whether from without or from within the State, any spirituous, vinous, malt, or fermented liquors, or other intoxicating liquors or beverages, except alcohol and wine under certain restrictions and limitations; . . to provide for the seizure, condemnation, and sale of property used in violation of this act, and for the disposition of the funds arising from such sale." Section 1 of the act provides that "It shall be unlawful for any common carrier, corporation, firm, or individual to transport, ship or carry, by any means whatsoever, with or without hire, or cause the same to be done, from any point without this State to any point within this State, or from place to place within this State, whether intended for personal use or otherwise," any of the liquors or beverages therein enumerated, save as thereinafter excepted. Section 20 of the act provides that "All vehicles and conveyances of every kind and description which are used on any of the public roads or private ways of this State, and all boats and vessels of every kind and description which are used in any of the waters of this State in

conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer, who shall report the same to the solicitor of the county, city or superior court having jurisdiction in the county where the seizure was made, whose duty it shall be within ten days from the time he received said notice to institute condemnation proceedings in said court by petition, a copy of which shall be served upon the owner or lessee if known, and if the owner or lessee is unknown notice of such proceedings shall be published once a week for two weeks in the newspaper in which the sheriff's advertisements are published. If no defense is filed within thirty days from the filing of the petition, judgment by default shall be entered by the court at chambers, otherwise the case shall proceed as other civil cases in said court. Should it appear upon the trial of the case that said vehicle, conveyance, boat or vessel was so used with the knowledge of the owner or lessee, the same shall be sold by order of the court after such advertisement as the court may direct."

Thus, it would seem that when, with the knowledge of the owner, any such vehicle is *used* on any of the public roads or private ways of this State in conveying any liquors or beverages, the sale or possession of which is prohibited by law, the vehicle or conveyance is subject to seizure and sale in the manner prescribed, regardless of what might have been the purpose and intent of the owner or operator of the vehicle at the time it was so employed. Under the plain and explicit terms of the act itself, the fact that the liquors or beverages thus conveyed were for the personal use of the owner or operator of the vehicle would not alter the rule, but the provision is that the mere use of a vehicle wherein and whereby any of the enumerated liquors are conveyed with the knowledge of the owner renders the vehicle subject to seizure and sale, regardless of what may have been the reason in thus using the vehicle, or what may have been the purpose as to the use or disposition of the liquors. To hold otherwise would entirely emasculate these provisions of the act, and in practice would defeat every purpose for which they were enacted.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*