12118.  TUTTON *v.* STATE OF GEORGIA.

Evidence that the owner of an automobile was traveling therein along a public road, having about his person, in a pocket in his clothes, a quart-bottle containing whisky, is, in the absence of other evidence, either

direct or circumstantial, that he was using the automobile on the particular occasion for the purpose of conveying the liquor, insufficient to establish as a matter of law that the car was being used by the owner in conveying the liquor and that it was therefore subject to condemnation under the act of the legislature of 1917 providing for the condemnation of any vehicle "used . . in conveying" liquors, the sale or possession of which is prohibited by law. The bottle containing the whisky being too small to require the use of an automobile for the purpose of its conveyance, its mere possession by the person traveling in the automobile does not, without more, demand or compel the inference that the automobile was being "used . . in conveying" such liquor.

DECIDED FEBRUARY 1, 1922.

Certiorari; from Gwinnett superior court — Judge Cobb. December 17, 1920.

*S. M. Ledford, O. A. Nix,* for plaintiff in error.

*W. O. Dean, solicitor-general, E. O. Dobbs,* contra.

STEPHENS, J. This was a proceeding in the city court of Buford, instituted by the State of Georgia against Carl Tutton wherein it was sought to condemn an automobile in which the defendant was traveling, upon the ground that the automobile was at the time being "used" upon a public road of this State in "conveying" certain liquors, the sale or possession of which was prohibited by law. The evidence was undisputed to the effect that the automobile belonged to the defendant, and that he was operating it along a public road of the State, and at the time had in a pocket about his person a quart-bottle filled with whisky; the defendant stating, at the time of the seizure of his automobile by the officers, that his wife was sick and that he had gotten the whisky for her and was carrying it to her. The evidence was also undisputed to the effect that no other whisky was found in the automobile. The trial judge directed a verdict for the plaintiff and rendered a judgment on the verdict found, ordering that the automobile be condemned and sold as provided by law. The defendant brought the case to the superior court upon certiorari, excepting to the verdict and judgment upon the general grounds and also upon the ground that the judge erred in directing a verdict for the plaintiff. Certain exceptions raising constitutional questions are abandoned. The certiorari was overruled, and the judgment is before this court for review.

The sole question to be here determined is, was the evidence sufficient under the law to authorize a verdict for the defendant?

If so, the verdict for the plaintiff was improperly directed. The statute under which this proceeding was had reads as follows: " All vehicles and conveyances of every kind and description which are used on any of the public roads or private ways of this State, and all boats and vessels of every kind and description which are used in any of the waters of this State in conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer." (Ga. L. Ex. Sess., p. 16, 17.)   To properly determine the question before us, it is necessary to ascertain the meaning of the words " used " and " in conveying." This statute, being penal, is to be construed strictly.  It is not to be construed as prohibiting the mere existence of such liquor in a moving vehicle of the class designated, or the mere conveying of such liquors in such moving vehicles along such prohibited route, without some intentional human act causing or bringing about such transportation. The statute penalizes the instrumentality or the vehicle transporting such prohibited liquor along such prohibited road only when such vehicle is " used . . in conveying " such liquor. The word " used " is an active, transitive verb, and involves in its definition some action or purpose on the part of the person using the vehicle.  Webster's International Dictionary defines the word " use " as meaning " to make use of," " to employ," " to convert to one's service;" and the Standard Dictionary defines the term as meaning " to employ for the accomplishment of a purpose."

Since the automobile can not be subject to condemnation solely upon the ground that it itself conveyed from one point to another prohibited liquor, but only because of some additional or affirmative intentional act on the part of the person operating the automobile or directing its operation, it is therefore subject to condemnation only, when, in addition to conveying such liquor, it is " used . . in conveying " such liquor.  An automobile would not be subject to condemnation when used by the owner in traveling along a public road, although it at the same time was, without the owner's knowledge, actually conveying liquor which some one had smuggled into the automobile.  The mere copulation of the two acts of using the automobile and of its conveying liquor does not constitute a violation of the statute.  It is not the separate acts of using and conveying that constitute the offense, but the act of using " *in*

conveying," which means using for the purpose of, or with the intention of, conveying such liquor. Adopting this construction of the statute, it is therefore necessary in a particular case to ascertain the circumstances surrounding the particular transportation of liquor, and to determine therefrom whether or not the vehicle at the time is used for the purpose of transporting such liquor. In determining this question it is proper to consider any fact which would indicate the purpose for which the vehicle was used. Where the liquor which is actually transported in a particular vehicle at a particular time is of such a small, insignificant quantity as would indicate that it would not be necessary to use such a vehicle in transporting such liquor, this fact could be considered in determining whether the particular vehicle was at the time " used . . in conveying " the liquor — that is, for the purpose of conveying the liquor. Or, irrespective of the insignificant quantity of the liquor actually transported, the fact that the particular trip, or the use of the vehicle at the time, was for the purpose of conveying the particular liquor from one point to another along a prohibited route, would authorize the inference that the vehicle was at the time " used . . in conveying," or for the purpose of conveying the liquor, however small the amount. Of course, where the liquor transported is too heavy or too bulky to be transported otherwise than in a vehicle, the inference would at least be authorized, if not demanded, that the vehicle transporting the liquor was " used . . in conveying " the liquor.

The mere fact that the liquor actually transported in the vehicle was on the person of the occupant of the vehicle is not the factor determining that the vehicle was not used in conveying the liquor; but the mere fact that the liquor was in a container of such small dimensions that it would not be necessary to use such a vehicle in conveying the liquor is evidence to be considered in determining the use to which the vehicle was put, in the absence of other evidence authorizing the inference that the vehicle was at the time used in conveying, or for the purpose of conveying, the liquor in question. We are therefore of the opinion that the evidence did not demand a finding for the State, condemning the defendant's automobile upon the ground that it was used in conveying prohibited liquor. That the wife of the defendant was sick and that he was carrying this liquor to her does not, without more, demand

a finding that this particular trip was made for the purpose of transporting this liquor, and that therefore the automobile was at the time used in conveying the liquor.

The ruling here made is not in conflict with the decision of this court in the case of *Crapp* v. *State*, 23 *Ga. App.* 257 (98 S. E. 174). In that case it appeared from the evidence that the defendant had a quart of whisky in a grip in his automobile, and that he was traveling along the road for the purpose of going to visit some of his people, that he had the whisky along with him for his own use, and was not hauling it for the purpose of delivering it at any place or to any person, and was not making the trip for the purpose of carrying the whisky anywhere. The court, over exceptions that the verdict was without evidence to support it, affirmed the verdict rendered for the plaintiff, condemning the defendant's automobile. While in the headnote in that case it is stated that the evidence demanded the verdict in favor of the plaintiff, this statement was mere obiter and was not necessary to the decision rendered. This court in that case properly sustained the refusal of the defendant's request to charge the jury, that if they should find that the defendant had some whisky with him, and that the transportation of it in the car was merely incidental to the trip, that it was not primarily his purpose to convey the whisky, but that he took the whisky along with him for his own use, and that it was not his intention to carry the whisky to some other point, the jury should find in favor of the defendant. The court properly refused to peremptorily instruct the jury to find in favor of the defendant upon such a theory of the evidence, since such facts did not necessarily negative the inference that the automobile was being used in conveying the whisky.

In the instant case the trial judge erred in directing a verdict, and it was therefore error on the part of the judge of the superior court to overrule the defendant's certiorari.

*Judgment reversed. Hill, J., concurs. Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting. It is my opinion that the judgment of the court below should be affirmed, and that the case is controlled by the ruling of this court in *Crapp* v. *State*, 23 *Ga. App.* 257 (98 S. E. 174.) In that case it was held that where, with the knowledge of the owner, a car was used in carrying liquor in violation of the terms of the prohibition law, the owner would not

be excused by reason of the fact that the vehicle was not then and there being used for the primary purpose of conveying liquor, but that the liquor was being carried merely incidentally and only because the vehicle was at the time being used for another and different purpose. In *Mitchell* v. *State*, 20 *Ga. App.* 778 (2) (93 S. E. 709), the court said: " Criminal intent is a necessary element in the commission of any of the offenses made penal by the prohibition act of 1915; but criminal intent in such connection is simply the intention to do the act which the legislature has prohibited." In the instant case, as has been stated by my colleagues in the majority opinion, " The evidence was undisputed to the effect that the automobile belonged to the defendant, and that he was operating it along a public road of the State, and at the time had in a pocket about his person a quart-bottle filled with whisky; the defendant stating, at the time of the seizure of his automobile by the officers, that his wife was sick, and that he had gotten the whisky for her and was carrying it to her." The facts being thus undisputed, let us turn to the statute law. The act of 1917 (Ga. L. Ex. Sess. 1917, p. 16) provides in section 1 (italics mine) that " from and after the passage of this act it shall be unlawful for any common carrier, corporation, firm or *individual* to transport, ship, or carry, by any means whatsoever, with or without hire, or cause the same to be done, from any point without this State to any point within this State, or from place to place within this State, *whether intended for personal use or otherwise, any* spirituous, vinous, malted, fermented or intoxicating liquors, or any of the prohibited liquors or beverages, as are defined in the act approved November 17, 1915," etc. Section 20 of the act provides as follows: " *All* vehicles and conveyances of every kind and description which are used on any of the public roads or private ways of this State, and all boats and vessels of every kind and description which are used in any of the waters of this State in conveying *any* liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer, who shall report the same to the solicitor of the county, city or superior court having jurisdiction in the county where the seizure was made," etc. It thus appears that the statute prohibits the transportation of any such intoxicating liquor within this State, and that any vehicle so em-

ployed with the knowledge of the owner upon any public highway is made subject to seizure and condemnation. The admitted facts are that the owner of the vehicle was at the time of the seizure knowingly transporting therein, along and upon a public highway of the State, one quart of whisky. Does the fact that the liquor belonged to the owner of the car, or that it was or was not intended for his own personal use, excuse him ? The statute expressly says not. Is he justified because of the fact that the liquor was found upon his person ? There is nothing contained in the statute to so indicate, and the majority opinion states that " the mere fact that the liquor actually transported in the vehicle was on the person of the occupant of the vehicle is not the factor determining that the vehicle was not used in conveying the liquor." Could the defendant be relieved upon the theory that the primary purpose for which the vehicle was being used at the time of its seizure may not have been the transportation of the liquor, but that such transportation was merely incidental to some other and more controlling purpose and intent ? The ruling made by this court in *Crapp* v. *State,* supra, is directly in conflict with any such position; and the ruling there made is adhered to in what is said by my colleagues in the majority opinion.

Finally, must the defendant be relieved and excused because the quantity of prohibited liquor, then and there being conveyed contrary to the express terms of the statute, amounted to only one quart ? Here again the statute would seem to be clear and explicit. Section 1 expressly and in terms prohibits the transportation of " any " such liquors. By section 20 a vehicle conveying " any such " liquors is made subject to condemnation; this, of course, when the vehicle is so used with the knowledge of the owner. But it is upon this theory that my colleagues seem to rest their decision, basing their holding upon the fact that, since a quart bottle of liquor is " too small to require the use of an automobile for the purpose of its conveyance, its mere possession by the person traveling in the automobile does not, without more, demand or compel the inference that the automobile was being ' used . . in conveying ' such liquor. This would seem to get back to the question of primary purpose and intent, but, as was held in the *Crapp* case, supra, and as set forth by this court in the *Mitchell* case, supra, " Criminal intent is a necessary element in the com-

mission of any of the offenses made penal by the prohibition act of 1915; but criminal intent in such connection is simply the intention to do the act which the legislature has prohibited." The Supreme Court in some one of the earlier decisions made use of the illustration that, if a person should sell a bottle of liquor, honestly believing that it was coffee, he would be guiltless because free of criminal intent; but that, if he should commit an act amounting to the sale of a bottle of liquor, knowing it was liquor, he would be held intentionally culpable, irrespective of any erroneous impression which he might have had as to what constituted a sale, and irrespective of any misconception which he might have entertained as to what would amount to an excuse or justification. The question is, did the defendant knowingly commit an act prohibited by law, not whether his primary purpose and intent was to accomplish something else, or whether he could have attained the same result without using his car and subjecting it to seizure. The law prohibits the transportation within this State of any intoxicating liquors, and whenever this is accomplished through the instrumentality of a vehicle used on a public highway, with the knowledge of the owner, the vehicle so employed is subject to condemnation. The vehicle is so " used " whenever the owner knowingly permits it to be so employed. " Reductio ad absurdum " is a two-edged sword, and to use it here would seem to have the practical effect of emasculating the law by defeating to a very large extent the purpose for which the law was designed. If in a seven-passenger car one quart per passenger can be held to be reasonable and proper, why not three and one-half gallons or two quarts per passenger ? Would not the same reasoning apply ? To say that one may be excused in violating the express terms of the statute so long as he does not load up the car with a greater quantity of liquor than would " require the use of an automobile for the purpose of its conveyance," would result in making the " toting capacity " of the individual the only available legal test, but this, at best, would impose a most indefinite standard of weights and measures. Besides, is it really and in fact unreasonable to say as a matter of law that an automobile is " used " in transporting a quart of liquor in a case where such liquor is being thus actually and knowingly carried ? To sustain heavy weights and burdens is by no means the sole " use "

of an automobile. The main function of any vehicle is to convey. With an automobile, the primary purpose is not only to convey, but to convey speedily.. The "use" for which it is designed is to enable one to change and change quickly the location of whomever and whatever it is used to transport. It therefore follows that when a person is possessed of "a quart," and on the move, his dilemma is· to thus "use" his conveyance, or else part company with the thing possessed. He is not to be conceived as following himself on foot. What is here said is with reference to the general rule and argument set forth by my colleagues in their ably considered majority opinion; and there is no intention to discredit the defendant's testimony as to the special use intended for the particular liquor had by him in the car at the time of the seizure. As already indicated, the use intended has, under the terms of the act, nothing to do with the question involved. It might be said, however, that, even applying the rule laid down in the majority opinion, the defendant's own testimony that he had procured the liquor for and was "carrying" it to a sick person at the time of the seizure would seem to clearly establish the fact that the car was then and there being "used" primarily for the specific purpose of conveying the liquor.