## 26115. FARLEY v. THE STATE.

DECIDED APRIL 7, 1937.

*R. C. Jenkins,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

GUERRY, J.  Ike Farley was convicted of possessing intoxicating liquor.  The sheriff of the county testified that he searched the defendant's house and premises about sunup.  The defendant was slow in coming to the door when the sheriff knocked, and he pushed into the house and "caught Ike going with a half-gallon fruit-jar, pouring liquor out over the fireplace.  It was kinder red-looking liquor which had been charred, it looked like.  It was corn whisky."  Another witness who was with the sheriff found a case of fruit-jars that had contained whisky, within thirty feet of the back door of the house, with three half-gallon jars full of whisky, the jars being of the same kind and make as that found in defendant's possession in the house.  The defendant told this witness that the whisky belonged to him.  His wife was named Hennie; they had been separated for over five years, and she lived nearly a mile from his house.  The evidence for the defendant disclosed that Mabel Harris, who was living in the house where he was found, rented the house and paid the rent, and that the defendant lived there with her.  The defendant stated that the whisky he had was for his wife, Hennie; that she had been sick in bed for ten years, and the doctor had given him a prescription to get her some whisky which he claimed was the whisky found in his possession by the sheriff.  A doctor testified that he gave to the defendant, a year or more before this occasion, a prescription for one pint of whisky to be given to Hennie.

In his motion for new trial and in his counsel's brief the plaintiff in error states that the only issue in this case is "why did he [defendant] have the liquor in the glass jar?" and that it was the duty of the court to instruct the jury that if they believed the defendant had the whisky in good faith for the use of his wife, under instructions of the doctor, he would not be guilty.  Under the Penal Code of 1910, §§ 426, 427 (although left out of the Code of 1933, they do not seem to have been repealed; see Ga. L. Ex. Sess., 1915, pp. 77, 89, § 24; Ga. L. Ex. Sess., 1917, pp. 7, 9), strict regulations are provided for the issuance of a prescription for *pure alcohol* by a doctor.  The sheriff testified that the whisky

found looked like corn whisky. The defendant did not contend in his statement that it was pure alcohol. The good faith or intent of a defendant in possessing liquor under the advice of a physician is no defense. *Mitchell* v. *State,* 20 *Ga. App.* 778 (93 S. E. 709); *Cohen* v. *State,* 7 *Ga. App.* 5 (64 S. E. 1096). However, the jury might well have questioned the good faith of the defendant. He was in possession of whisky at a house where he lived with Mabel, when for five years he had been living separate from his wife, who lived a mile away. The law of Georgia still looks with "an unforgiving eye, and a damned disinheriting countenance," on the possession of whisky in the early hours of the morning at Mabel's house when the whisky, even in good faith, was obtained for Hennie's (the wife's) benefit. The jury no doubt seriously questioned whether this whisky was ever intended to relieve the suffering of Hennie. Under any theory of the evidence and the defendant's statement there can be no doubt that his possession of the whisky was illegal. There were no errors in the charge of the court, but on the other hand it appears to be a full and clear exposition of the law applicable. The verdict has the approval of the judge, and this court has no power to interfere therewith.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*