32198.   BOYD *v.* THE STATE OF GEORGIA.

DECIDED OCTOBER 22, 1948.

M. C. Barwick, O. B. Cannon Jr., for plaintiff in error.

Q. L. Bryant, Solicitor, contra.

PARKER, J.   This is a proceeding to condemn an automobile alleged to have been used in conveying prohibited liquors.   It was brought for the State by the Solicitor of the City Court of Louisville, under the provisions of the Code (Ann. Supp.), § 58-207, against Elder Boyd as the defendant.

An officer of the Revenue Department testified substantially as follows: that after having a complaint that carried him to the place, he drove up behind the car described in the petition for condemnation, while it was being operated by the defendant along a public road in Jefferson County; that two other persons, Buster Whigham and L. D. Boyd, were in the car with the defendant; that when he drove up behind the car and sounded his siren, the defendant tried to outrun him, and the only way he could get the defendant to stop was to crowd his car to the ditch of the road; that while this was being done he noticed the persons in the car breaking glass containers; that when he finally stopped the defendant's car, he found on the floor in the back of the car several broken half-gallon glass jars or containers, and one broken container in the front seat, and found in the bottom of one of the containers unstamped "moonshine" liquor; that he noticed that some of the liquor was running out of the door of the car; and from the amount of liquor he saw running out, and on the floor of the car and on the ground, it was his opinion and he would say that there were more than three gallons of whisky that had been broken in the car; and that the witness arrested the three persons for having unstamped liquor and turned them over to the sheriff of the county, at which time the defendant confessed to the sheriff that he had in the car two gallons of unstamped liquor himself, and that his two companions had a gallon and a half together.   The sheriff testified that the confession as sworn to by the revenue officer was made to him by the defendant. An accusation from the City Court of Louisville, showing the conviction of the defendant for the offense of transporting liquor on the same day shown in the petition for condemnation, was put in evidence.

The only evidence offered by the defendant was his own testimony substantially as follows: that on the afternoon in question he went to see a friend by the name of Dozier, the main reason for going being to pay a visit, and that he asked Buster Whigham and L. D. Boyd to go with him; that after they had finished their visit and had started home, one of his companions suggested that he knew where they could get some whisky, and at their request he drove by this place and together they procured a quart of liquor that was in a glass fruit jar container; that he (the defendant) did not leave the car, and the liquor was brought to him in a jar, and he did not know whether it was tax-paid liquor or not, or what sort of liquor it was; that he could have easily carried the liquor in his pocket, hand, or arms; that the car was not being used for the purpose of conveying the liquor, but was being used by the defendant in visiting the friend and coming home after the visit. The defendant denied that he told the officers that he had two gallons of unstamped liquor, and said that one quart was the total amount involved, and he denied that he broke the container the liquor was in, and said it was broken by one of the other occupants of the car; that he could have carried two gallons of liquor in his arms, had there been that much, that his car was not necessary in order to convey it, and that the car was not used to convey the liquor but to convey the three occupants on their visit. The defendant testified further that he did not know why the other containers that were broken were in the car.

Upon the conclusion of the evidence the trial court directed the jury to find a verdict in favor of the State condemning the automobile involved and described in the petition. To that judgment the defendant excepted.

The defendant contends that the judgment directing the verdict was error under the ruling in *Tutton* v. *State*, 28 *Ga. App.* 152 (110 S. E. 455). We do not think so. The facts and circumstances of that case are quite different from this case. It appears here from the testimony of the defendant that he and his companions, after completing their visit to their friend, and after they had started home, drove the car to a certain place where they could get some whisky, and for that purpose, and that after getting a quart in a glass fruit jar container, they were using the car in conveying the whisky from where it was obtained to the

place they were going. We do not think that the quantity of whisky or the fact that it could have been carried by the defendant in his pocket, as contended by him, is material. His statement that the car was not being used for the purpose of conveying the liquor doe's not make it so. The defendant's "actions speak louder than words." See *Crapp* v. *State*, 23 *Ga. App.* 257 (98 S. E. 174), and *Alexander* v. *State*, 118 *Ga.* 26, 28 (44 S. E. 851).

The evidence demanded the verdict and the court did not err in directing it.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*