34632. BRANHAM *v.* STATE OF GEORGIA.

Decided October 23, 1953.

*James E. Findley,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General,* contra.

QUILLIAN, J.   The Solicitor-General of the Eastern Judicial Circuit filed a petition in the Superior Court of Chatham County to condemn, under the provisions of the act of 1952 (Ga. L. 1952, p. 201; Code, Ann. Supp., § 42-813.1), a certain 1949 Buick automobile alleged to have been the property of one Isadore Branham. Branham filed a claim to the automobile, in which he alleged that the automobile was subject to a lien in favor of a certain automobile loan corporation; that the automobile involved was never used for the transportation of any narcotics, nor was it used for the transportation of any marijuana, as alleged in the petition to condemn; and that the automobile sought to be condemned was the property of the claimant.   Upon the trial of the case before the judge of the superior court without a jury, the court entered an order condemning the automobile. The claimant made a motion for new trial on the general grounds, the trial court denied the motion, and the exception here is to that ruling.

In rendering the decision finding the automobile subject to condemnation, the judge of the trial court succinctly stated the evidence in the following language:   "Upon hearing the evidence in the case, it developed that the named officers of the City of Savannah seized the automobile and arrested the defendant [claimant] while he was driving the automobile on the streets of Savannah, and on searching him they found twenty-nine marijuana cigarettes in a package strapped to his leg near the crotch where the inside seams of the legs of the pants meet; they were pinned on the inside of the undergarment.   The evidence showed that the claimant, Branham, formerly lived in Savannah, then moved to New York where he lived for several years; that he purchased the automobile in New York and brought it to Savannah about two years ago.   He had been suspect with the police for some time; the police had no knowledge of his working at any time at any legitimate business during the past two years he had been living in Savannah, but had seen him driving the automobile over the streets of the city during the period

he claims to have been in Savannah. Claimant was indicted for and convicted of possession of the marijuana cigarettes in this court on November 18, 1952, and sentenced to a term of six months in the public work camp, which sentence he is now serving. Branham claimed to be working part time for a chicken merchant. Claimant stated he had the cigarettes for his own use and not for the purpose of sale and distribution to others. The cigarettes were shown to be marijuana and proscribed by the act above referred to."

The record further showed that Branham contended in one portion of his testimony that he was employed at the time his automobile was seized by the officers at a salary of $25 per week, while in other portions of his testimony he testified that he was only working on Saturdays at the time the automobile was seized.

The plaintiff in error contends that the judgment was without evidence to support it and contrary to law, for the reason that his automobile was not primarily being used in conveying the contraband articles at the time it was seized by the officers. In support of this position he emphasizes the fact that the articles were very small and were carried upon his person and for this reason there would be no reason to convey them in an automobile. He seems to overlook the fact that transportation by automobile rather than on foot is often desirable because a person can carry with him articles he wishes to convey from one place to another much faster in his automobile.

It is the opinion of this court that a correct pronouncement of the law applicable to this case is found in the case of *Crapp* v. *State*, 23 *Ga. App.* 257, 260 (98 S. E. 174), as follows: "Thus it would seem that when, with the knowledge of the owner, any such vehicle is *used* on any of the public roads or private ways of this State in conveying any liquors or beverages, the sale or possession of which is prohibited by law, the vehicle or conveyance is subject to seizure and sale in the manner prescribed, regardless of what might have been the purpose and intent of the owner or operator of the vehicle at the time it was so employed. Under the plain and explicit terms of the act itself, the fact that the liquors or beverages thus conveyed were for the personal use of the owner or operator of the vehicle would not alter the rule,

but the provision is that the mere use of a vehicle wherein and whereby any of the enumerated liquors are conveyed with the knowledge of the owner renders the vehicle subject to seizure and sale, regardless of what may have been the reason in thus using the vehicle or what may have been the purpose as to the use or disposition of the liquors. To hold otherwise would entirely emasculate these provisions of the act, and in practice would defeat every purpose for which they were enacted."

If there be later decisions of the court that seem in conflict with the *Crapp* case, we adhere to the ruling of the older case, not only because it is older, but because it is a sound construction of the statute.

It is, of course, true that the *Crapp* decision was written in reference to contraband whisky, while we are here dealing with contraband narcotics, but the principle is precisely the same. Regardless of whether it would be necessary to use an automobile in carrying the contraband articles, and no matter what the purpose of the owner of the vehicle might be in transporting the drugs, unless it be a legal purpose, if the owner of a vehicle knowingly employs it in transporting narcotics as defined by Code (Ann. Supp.) § 42-802 (14), it is subject to be condemned. So we conclude that the judgment was authorized by the evidence and was not contrary to law.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*