## Scaggs v. Commonwealth.

(Decided October 6, 1922.)

### Appeal from Greenup Circuit Court.

1. Intoxicating Liquors—Transportation.—The transportation of intoxicating liquor for other than sacramental, scientific, mechanical or medicinal purposes, within the meaning of chapter 81 of the Acts of 1920, includes the transportation from one part of a farm to another of small quantities of liquor, illegally acquired, even though the farm on which the transportation occurred be owned by the one charged with committing the offense.

2. Intoxicating Liquors—Circumstantial Evidence—Instructions.—An instruction which told the jury that they might convict the accused upon circumstances or circumstantial evidence alone, if satisfied from such evidence, beyond a reasonable doubt, of the defendant's guilt, is erroneous as it is not permissible for a court to instruct on abstract principles of law, or to give any instruction that indicates an opinion as to the guilt or innocence of the accused.

3. Criminal Law—Reversal.—A judgment of conviction will not be reversed for error occurring on the trial in the circuit court unless, upon consideration of the whole case, this court is satisfied that the substantial rights of the accused were prejudiced by the error committed.

E. E. FULLERTON for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and JOHN F. COLDIRON for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

An indictment was returned against the appellant, Dr. Lafayette Scaggs, in the Greenup circuit court, charging him with the offense of unlawfully transporting

intoxicating liquors for other than sacramental, scientific, mechanical or medicinal purposes, in violation of chapter 81 of the Acts of 1920. On the trial he was adjudged guilty, and his punishment fixed at a fine of $240.00 and thirty days' imprisonment in the county jail. From that judgment he prosecutes this appeal.

In December, 1921, and January, 1922, Walter McCarty, a boy about seventeen years of age, with several others, was engaged in operating a moonshine still on what is referred to in the record as the "Scaggs farm." The still was about 300 yards from the residence on the farm, and on several occasions, according to the testimony of McCarty, appellant procured from the still and carried away a small quantity of moonshine whiskey. The witness said that sometimes appellant carried away in his pocket a half a pint and at other times a pint of whiskey. These statements are undenied, as appellant did not testify or introduce any evidence.

It is first insisted that the judgment is erroneous because the Commonwealth failed to establish beyond a reasonable doubt that appellant transported any of the liquor to a point off the farm, it being contended that transportation between points on the farm was not prohibited by the act of 1920. Among the cases cited in support of this contention is Mays v. Commonwealth, 194 Ky. 540. That case, however, is inapplicable, since it deals solely with the validity of an indictment which was manifestly bad for duplicity, and has no reference to the character and amount of evidence necessary to establish the offense of unlawfully transporting intoxicating liquors, in violation of the act of 1920. Reference was made in that opinion to the offense of unlawfully transporting intoxicating liquors, consisting, as indicated therein, of the removal of the thing transported from one place to another, under circumstances forbidden by law. But, except in a general way, no attempt was made to define the offense within the meaning of the act, and that general definition is not susceptible of the construction that appellant seeks to employ here.

Street v. Lincoln Bank & Safe Deposit Co., 254 U. S. 88, considers the question of transportation as applicable to the facts there under consideration, but there is nothing in that opinion that sustains the argument of appellant, for in that case the owner of the liquor lawfully acquired it and stored it in a warehouse prior to the effec-

tive date of the national prohibition act; and it was held that the warehouse owner might lawfully permit such storage to continue until the act became effective, and by so doing did not "possess" the liquor within the meaning of section 3 of the act, nor "deliver" it in the sense of that section, if he permitted the owner to have access to it and take it to his dwelling for lawful use. It was further held that it was not unlawful, under that section of the act, to transport the liquor from the place of storage to the home of the owner under permit from the Bureau of Internal Revenue. That case presents quite a different state of facts from the one at bar, for in this case appellant procured the whiskey from an illicit still, and, according to the only evidence in the record, placed a quantity of it in his pocket and carried it away with him.

Dials v. Commonwealth, 192 Ky. 440, is not authority for appellant's contention, but directly opposes it. In that opinion we said: "Except, therefore, as permitted by the terms of the Constitutional amendment and this act, it seems to us that we must assume the legislature meant as it has stated clearly that all other transportations of intoxicating liquors should be unlawful and any presumption to the contrary would be wholly unwarranted. The word transport, while general, is not indefinite, but on the contrary, has a commonly understood 'determinate signification.' That the legislature fully realized the general character and wide scope of the words 'manufacture, sale and transport' is attested by the fact that such limitations were placed thereon as the legislature intended they should have by specifying the desired exemptions therefrom. Are we not, therefore, under such circumstances, bound to assume that the legislature meant to include every possible application of the general terms used except as clearly stated or necessarily implied from what is stated? We think so."

The interest that appellant had in the farm on which the whiskey was made is doubtful from the state of the record, but if he was in fact the owner of the farm, his act in transporting illicit liquor unlawfully acquired, from one part of the farm to another, would violate the provisions of the law. There is a radical difference between the moving of liquor lawfully acquired and possessed from one part of the owner's domicile to another, or from a store room to the owner's domicile, under permit from the Bureau of Internal Revenue, and the transportation of liquor illegally acquired from one part of a

farm to another, even if the farm be owned by the one charged with the offense. The latter state of case is the one we have here and, in our opinion, there is no efficacy in the contention that it was incumbent on the Commonwealth to prove transportation beyond the confines of the farm on which the liquor was unlawfully acquired.

It is also insisted that the judgment should be reversed because of error in Instruction 1. After the jury were told therein that it was necessary for the Commonwealth to establish beyond a reasonable doubt that the defendant transported the liquor from one point to another in the county within the time indicated in the instruction, and outside of his home, the distance so carried not being material, they were further told, that in determining the guilt or innocence of the defendant they had the right to take into consideration all the facts and circumstances proven by the testimony surrounding the transaction in question, and might convict the defendant upon circumstances or circumstantial evidence, if satisfied from such evidence, beyond a reasonable doubt, that the defendant had been proven guilty of the offense charged in the indictment. It is said, in connection with the argument made on this point, that the trial court erroneously permitted the Commonwealth to introduce evidence showing that defendant was intoxicated on one occasion, when procuring liquor at the still, and it is accordingly argued that that circumstance was permitted to go to the jury as indicating the commission of the offense of which he was convicted. We do not regard the proof of that fact as having any evidential bearing on the issue being tried, but assuming the contrary, prejudicial error was not committed for the perfectly apparent reason that the statement relating to that subject was drawn from the witness on cross-examination. On redirect examination it was reiterated, and objection was made to it, but the fact was elicited by the cross-examination without objection to its admission in evidence. Its admission, therefore, cannot be said to have been error.

The instructions were proper except that part of instruction 1 which indicated to the jury that the defendant might be convicted upon circumstances or circumstantial evidence alone. As the statement of a legal principle that feature of the instruction is not objectionable, since it is within the province of the jury to consider all relevant circumstances in arriving at their verdict, and unquestionably a conviction can be had upon circumstances

alone if they afford a reasonable hypothesis for belief in the guilt of the accused. Nevertheless, that part of the instruction was clearly erroneous. Smith v. Commonwealth, 140 Ky. 599; Minniard v. Commonwealth, 158 Ky. 210; Whitehead v. Commonwealth, 192 Ky. 428. And we would hold it reversible error, as we did in Bullington v. Commonwealth, 193 Ky 529, if we were not convinced from the whole record that it did not prejudicially affect appellant's rights. But, upon consideration of the whole case, we are satisfied that the substantial rights of appellant were not prejudiced by the instruction, and for that reason alone we refrain from reversing the judgment on account of an error that too often appears in the records brought to this court.

The Bullington case, *supra,* is easily distinguishable from the one at bar, in that there improper evidence of the commission of other offenses was admitted as corroborative of the charge. The effect of the instruction in that case, as we expressly held, was to draw particular attention to this incompetent testimony, and to advise the jury that it was of value in determining the defendant's guilt. The instruction was, therefore, held prejudicial. But, in this case, there was no incompetent testimony admitted. The case was submitted on the testimony of McCarty alone. His evidence was direct, and the error complained of was not prejudicial, in view of the uncon tradicted proof for the Commonwealth. On the submission of the case it was for the jury either to believe or disbelieve the statements of McCarty. The verdict is obviously an acceptance of his statements.

The judgment is, therefore, affirmed.