## Steinwach v. Commonwealth.

(Decided January 16, 1923.)

## Appeal from Henderson Circuit Court.

1. Intoxicating Liquors—Transporting Liquors—Instructions.—In an indictment for transporting intoxicating liquors it is not necessary for the court to define the word "transport" in an instruction to the jury.

2. Intoxicating Liquors—Instructions.—The defendant was not entitled to an instruction telling the jury "that if he had no pecuniary interest in the whiskey and only carried it for the personal use of himself and friends, that they should find him not guilty."

3. Intoxicating Liquors—Transportation of Liquors—Submission to Jury.—Where three parties were riding in a buggy and contributed one dollar apiece to a common fund which they gave to one of their number, and he took it and went away and purchased moonshine whiskey and upon his return the three drank it, constitutes sufficient evidence to submit to the jury the question of unlawful transportation of intoxicating liquors, and sustain a conviction therefor.

F. J. PENTECOST for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is an appeal from a conviction in the Henderson circuit court on the charge of transporting intoxicating liquor, not for sacramental, medicinal, mechanical or scientific purposes.

Appellant complains (1), that the court should have given a peremptory instruction in his favor; (2), that the verdict is not supported by the evidence; (3), that the court erred in failing to define the word "transport," and (4), in not instructing the jury "that if he had no pecuniary interest in the whiskey and only carried it for the personal use of himself and friends that they should find him not guilty."

As to the first and second grounds there is no conflict in the evidence. It is conclusively shown that the appellant and two of his friends were riding in a buggy to Henderson, and that one of them suggested, "Let's get some white mule," and that they all contributed $1.00 apiece, and the appellant took the money and went back

the road they had come, and after a time returned with one and one-half pints of moonshine whiskey, which they all drank. The appellant admitted that he had purchased it of a bootlegger.

Upon the authority of Skaggs v. Commonwealth, 196 Ky. 390, this constituted sufficient evidence to submit the case to the jury and to sustain their verdict.

The word "transport" as defined by Webster's New International Dictionary is to "carry or convey from one place or station to another," and its meaning could not have been misunderstood by the jury.

The case of Dials v. Com., 192 Ky. 440, was on a similar charge and it was argued there as here that the statute did not apply to the transportation of liquor for personal use.

On this point the court said:

"Except, therefore, as permitted by the terms of the constitutional amendment, and this act, we must assume the legislature meant as it has stated clearly, that all other transportation of intoxicating liquors should be unlawful and any presumption to the contrary unwarranted. The word "transport," while general, is not indifinite, but on the contrary has a commonly understood determinate signification. That the legislature fully realized the general character and wide scope of the words "manufacture, sell and transport" is attested by the fact that such limitations were placed thereon as the legislature intended they should have, by specifying the desired exemptions therefrom.

"Are we not therefore under such circumstances to assume that the legislature meant to include every possible application of the general terms used except as clearly stated or necessarily implied from what is stated?"

In the Skaggs case, *supra,* which was on a similar indictment, the appellant procured from a moonshine still on his farm small quantities of whiskey, either a pint or half pint, carrying same away in his pocket. It was not shown what further use he made of it. The court cited with approval the above excerpt from the Dials case, as bearing upon the question of transportation, and affirming his conviction.

It seems that those cases are decisive of the other questions raised by appellant, wherefore judgment is affirmed.