LEONARD COOLBAUGH v. THE STATE.

No. 7260. Decided January 24, 1923.

**Unlawfully Transporting Intoxicating Liquor—Personal Use.**
    This court finds nothing in the law permitting the transportation of intoxicating liquor for the transporter's personal use for beverage purposes, and the conviction being otherwise regular must be affirmed.

Appeal from the District Court of Mitchell. Tried below before the Honorable W. P. Leslie.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary:

The opinion states the case.

No brief on file for appellant.

R. G. *Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Mitchell County of the unlawful transportation of intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The record is before us without a single bill of exceptions. We have carefully considered the statement of facts. From it we learn without apparent contradiction that about the date alleged appellant transported a fruit jar of intoxicating liquor a number of miles in Mitchell County, Texas. Apparently the only contention made on this

appeal is that he was so transporting it for his own personal use. We find nothing in the law permitting the transportation of intoxicating liquor for such purpose. Transportation of such liquor is forbidden by statute, except for the purposes set out in certain named exceptions. The personal use of such liquor for beverage purposes is not one of said exceptions.

Finding no error in the record, the judgment of the lower court will be affirmed.

*Affirmed.*