## CARL THOMAS v. STATE.

No. A-4347.    Opinion Filed June 14, 1924.
(226 Pac. 600.)

(Syllabus.)

1.    **Intoxicating Liquors—Distance of Unlawful Transportation Immaterial—not Necessary that Ultimate Destination be Fixed Point.** Where the accused is charged with the illegal transportation of intoxicating liquor from one place to another, where it is apparent that the removal was made to facilitate the barter or sale of the liquor, the distance over which it was carried or moved is immaterial.

(a) It is not necessary that the ultimate destination shall be a fixed point.

2.    **Evidence—Intoxicating Liquor Obtained by Unlawful Search Inadmissible.** Intoxicating liquor obtained from the home of the accused by means of an illegal search and seizure may not be used as evidence over the timely objection of the accused.

3.    **Appeal and Error—Reversible Error—Comment of Attorney in Argument Outside Record.** It may be reversibe error for a county attorney in his argument to the jury to comment on assumed facts not in evidence.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Carl Thomas was convicted of the illegal transportation of whisky, and he appeals. Modified and affirmed.

Monk & McSherry, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Appellant was convicted of the illegal transportation of intoxicating liquor, and by verdict of the jury his punishment was fixed at a fine of $300 and confinement in jail for a period of four months. From the judgment on this verdict he appeals.

The proof shows that just after dark certain peace officers saw several men in an automobile drive up to the resi-

dence of the appellant, herein referred to as the defendant, and saw him enter his home while the other men remained in the car. These peace officers secreted themselves behind a hedge and saw the defendant come out of his home and go towards the waiting automobile, carrying a bottle. The defendant, when accosted by the officers, threw the bottle againt the front wheel of the car, breaking the bottle. As he did so he said, "You fellows haven't got anything on me." The officers recovered one of the fragments of the bottle containing corn whisky. The car to which defendant was carrying the whisky was standing in the street, close to the property line. Defendant was immediately arrested and placed in jail, and the arresting officers then returned and searched the home of the defendant without a search warrant, and found and seized two more bottles of whisky.

Defendant claims that these facts do not constitute an illegal transportation of intoxicating liquor, within the meaning of the statutes. In support of this claim he cites the case of De Graff v. State, 2 Okla. Cr. 519, 103 Pac. 538, in which this court held that the removal of intoxicating liquor from one room to another on the same premises was not an illegal transportation, within the meaning of the statute.

The facts in the De Graff Case and this case are so dissimilar that the holding of the court in the former cannot be considered as a guide for this case. One may be in lawful possession of intoxicating liquor, for the purpose of personal home consumption. The purpose of all the features of the prohibitory liquor laws is to prevent and discourage the illegal sale, transportation, and distribution of intoxicating liquor. The facts in this case indicate that the defendant was about to make a sale of corn whisky to the men in the car, or to give it to them, or to join them in a bibulous joy ride on the public highway. The purpose in any event

was to do something which the law prohibits. One of the restraints imposed by law is that liquor shall not be transported in such manner as will facilitate an illegal sale or use.

It has been held that the words "transport, transporting, and transportation," as relates to intoxicating liquor, embrace a movement of the liquor by the accused on his person. 33 Corpus Juris, 582, and cases cited. This includes the carrying on one's person of whisky procured at some place and carried to the home of the accused. Allen v. State, 159 Ark. 663, 252 S. W. 899. That the ultimate destination shall be a fixed point is not necessary to constitute transportation. Thacker v. Commonwealth, 131 Va. 707, 108 S. E. 559. Carrying liquor from one point on the public highway to another point on the same highway is within the statute. Jentho v. State, 19 Okla. Cr. 434, 200 Pac. 251. Transportation of liquor illegally acquired by a farmer from another who had manufactured the liquor contrary to law on the premises and carried by the farmer to his home is within the prohibition of the statute. Scaggs v. Commonwealth, 196 Ky. 399, 244 S. W. 799.

Where the removal of intoxicating liquor from one place to another is for an illegal purpose, the space or distance over which it is removed would make no difference. In this case the automobile stood in the public highway; the bottle of corn whisky removed or transported was taken from the residence of the accused by him to the automobile, where the container was broken on the front wheel—undoubtedly done for the purpose of preventing the officers from seizing the liquor, and to destroy the evidence. This we think constituted an illegal transportation within the meaning of our statute.

The defendant attacked the sufficiency of the information. We think the information sufficiently apprised the

accused of the nature of the charge, so that more specific pleading would have availed him nothing.

Defendant says, and the record shows, that the arresting officers, after placing defendant in jail, returned to his residence, and without a search warrant searched the house, finding there more corn whisky. This was introduced in evidence at the trial, over the timely objection of the defendant. This was error, under the holdings of this court in Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, and cases following. The evidence so improperly introduced may have led the jury to believe that the defendant was a bootlegger and that his residence was his "plant" and place of distribution. This may indeed have been true, but the evidence was improperly admitted, and probably caused the jury to assess the severe penalty they imposed.

A search warrant could easily have been procured, and under its authority this evidence could have been legally obtained and introduced. Officers must not themselves violate the constitutional or statutory law in order to convict another law violator charged with a misdemeanor.

Defendant further urges that this cause should be reversed on account of prejudicial remarks made by the county attorney in the closing argument to the jury.

The record shows that the county attorney and his assistant, in their addresses to the jury, alluded to the defendant as the "king bee" bootlegger; made frequent references to the evidence procured by the illegal search and seizure (the corn whisky taken from defendant's residence) and to defendant's selling of whisky; and appealed to the jury repeatedly to assess the maximum penalty, because the evidence showed that he was a professional bootlegger.

Upon this state of the record it becomes incumbent upon this court either to reverse this cause on account of the prejudicial argument and remarks of the prosecuting attorney and his assistant, and on account of the erroneous reception of evidence illegally obtained by the unauthorized search and seizure, or to modify the judgment so as to impose the minimum punishment provided by the statute. Notwithstanding the prejudicial remarks in the arguments to the jury, and notwithstanding the erroneous reception in evidence of the whisky taken from the residence of the accused, the evidence is clear that defendant did illegally transport whisky, and that he was guilty as charged; but the jury might, in the absence of this illegal evidence, and in the absence of the prejudicial arguments of counsel relating thereto, have assessed only the minimum punishment.

The judgment of the trial court is therefore modified to to a fine of $50 and 30 days in jail, and as so modified is affirmed.

MATSON, P. J., and DOYLE, J., concur.