## WILL WATERHOUSE V. THE STATE.

No. 8495.   Decided June 25, 1924.

Rehearing denied November 5, 1924.

1.—Transporting Intoxicating Liquor—Charge of Court—Intent—When not an Issue.

While, as a general rule the intent or guilty knowledge of the accused may properly be an issue for the jury to consider, we do not think in the instant case under the facts as presented, that the court should have given a special charge on intent.

2.—Same—Charge of the Court—Defining Words—When Necessary.

Where the evidence in a case clearly shows a transporting of intoxicating liquor, an exception taken to the failure of the court to define the meaning of "transferring" and "transporting" does not show error, and especially so in the absence of a special charge asked by appellant requesting such definition.

3.—Same—Evidence—Conviction of Co-defendant—Not Admissible.

Evidence that the co-defendant of appellant, had been convicted of the same offense was not admissible on behalf of appellant. Two or more men who are united in knowledge and purpose may each be guilty of transporting intoxicating liquor, and the fact that one had been convicted of such offense, or of perjury, alleged to have been committed by him upon his trial for such offense, would be no defense to the other.

4.—Same—Charge of Court—Correct.

The charge given by the court: "If you find that the defendant did not transport intoxicating liquor about the time charged in the indictment or if you have a reasonable doubt as to whether or not he did transport intoxicating liquor, you will give him the benefit of such doubt, and acquit him." Such charge presented the only defensive issue in this case, and was properly given.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

*V. E. Middlebrook,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nacogdoches County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are five bills of exception in the record. The first complains of the refusal of a peremptory charge in favor of the accused. From our discussion of the sufficiency of the testimony later, it will be gath-

ered that we think the court did not err in refusing to give this charge. The second bill presents the refusal of a special charge to the effect that intent is an element in every criminal case, and that unless the jury believed the defendant transported the liquor beyond a reasonable doubt, and that he was transporting it for an illegal purpose, they should acquit. Such charge was not called for by the facts. While in some cases guilty knowledge might become an issue, it would be misleading and confusing to instruct the jury broadly in a case like this that intent was a necessary element. The other phases of said special charge were fully covered by the main charge. The third bill of exceptions complains of the court's refusal to comply with the jury's request in their retirement that he define "transferring" and "transporting." In view of the fact that the evidence shows beyond question that the acts of appellant amounted to a transporting, and no special charge had been presented giving any definition of same, we are of opinion that appellant does not show himself entitled to complain, even if the refusal of the court was technically erroneous,—a fact of which we are not satisfied. That Tom Hunt who had been in a buggy with appellant, and who was arrested at or about the same time, had been indicted for perjury growing out of the trial of a charge against said Hunt for his part in this liquor transaction, or that Hunt had been convicted for his complicity therein, would not seem available to appellant or to in any way militate against the proposition of his guilt. Two or more men who are united in knowledge and purpose may each be guilty of transporting intoxicating liquor, and the fact that one 'had been convicted of such offense, or of perjury alleged to have been committed by him upon his trial for such offense, would be no defense to the other. The fifth bill of exceptions complains of the charge wherein it stated that if the jury found that defendant did not transport intoxicating liquor, or had a reasonable doubt as to whether he did or not, they should give him the benefit of the doubt and acquit him. As we understand this record this was an effort on the part of the learned trial judge to give an affirmative charge on the only defensive theory which appears, viz.: that appellant did not in fact transport the liquor, but that if it was transported Tom Hunt did so; and we see no valid objection to said charge and fail to comprehend how it placed any burden upon appellant.

On the sufficiency of the testimony we note that appellant took the stand and swore that on the day in question Tom Hunt proposed to him to come and go with him and they would get "some;" they drove out about four miles in the country to a point where Hunt left appellant and came back with a jar of shinney; after taking a drink they put the jar in the buggy and drove on back, stopping every now and then to take another drink. About the time the car

got near the depot in town, the horse being pretty much left to his own sober devices, ran the buggy into a post and spilled all the contents of said buggy except the shinney. Appellant said that Hunt was cursing and that he got shy, but still he did not want Hunt to get away with that shinney, so when Hunt and a boy named Holman got back in the buggy and started away appellant "cut them off" and made the Holman boy get out and let appellant get in. He testified that when they got to the top of a hill he saw another buggy coming with some other negroes in it and thought that Hunt had enough and he would take the shinney himself. So he pitched it out of the buggy and directly got out himself, went back, got the jar of shinney and got in the buggy with the other negroes and started down the road in the opposite direction but was shortly met by officers who took charge of appellant and the whisky. Officer Lambert testified that he saw appellant and Hunt fixing the harness or shaft of a buggy near the depot and that both of them were drinking, and a little later he met appellant and two other negroes on the road and stopped them and found in their buggy a tow sack containing a jar of whisky and that he arrested appellant and took the jar of whisky, and shortly thereafter arrested Hunt in another buggy. Mr. Mast testified to seeing the two negroes fall out of the buggy when they hit a post near the depot. He said that one of them, evidently, from other testimony, Hunt, went after the horse while the other negro took something in a sack and walked away toward a warehouse out of sight of witness. The two negroes who were in the buggy with appellant at the time of his arrest testified in substance that they saw appellant and Hunt in a buggy going north and after they passed witnesses some few hundred yards they looked up the road and saw appellant waving and they waited until he came back. He had something in a sack and wanted witnesses to carry him to his home to which they demurred. However, they agreed to carry him as far as the branch and he got in the buggy with his sack which turned out to contain the jar of liquor. They started down the road but had gone only about fifty yards when they met the officers who arrested appellant and took charge of the whisky.

We think it perfectly clear from this testimony that appellant was guilty of the offense charged. Not only did he go some four miles with Hunt aiding and agreeing in every way to the transportation of the liquor but it appears that when they were thrown out of the buggy appellant carried the liquor across to some point after which he got in the buggy with Hunt. Not only does it appear that they went down the road together a distance which is not shown in the record but it seems clear that appellant then made up his mind that he would appropriate the jar of whisky himself and that he got out of Hunt's buggy and went several hundred yards down the

road to where he overtook the other two negroes and that he then started from that point home, in which enterprise he had only gone about fifty yards when the officers arrested him. These facts need no further discussion.

Believing appellant to have had a fair trial and that the facts show his guilt, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint that the charge of the court shifts the burden from the State to him. We quote that part of the charge so attacked:

"If you find that the defendant did not transport intoxicating liquor about the time charged in the indictment, or if you have a reasonable doubt. as to whether or not he did transport intoxicating liquor, you will give him the benefit of such doubt and acquit him."

The quotation itself answers the complaint. Appellant cites several cases in his brief in support of the motion, but we have examined each of them and find nothing in them to support the contention.

The evidence shows beyond question the transportation of intoxicating liquor by appellant and another for a number of miles. At some point on their journey appellant took possession of the liquor alone and carried it for several hundred yards down the road and then got in a buggy and went down said road several hundred yards further toward his home and was intercepted by officers who found him with the liquor. It was not claimed that such transportation was for one of the excepted purposes. There is nothing in the record to suggest an innocent intent. The court's refusal to charge on intent, either in the main charge or in a special refused charge, was correct. Neither was there any question as to the fact of transportation raised in the testimony, and there could, therefore, be no need for a definition of the term "transportation" either originally or in answer to a question propounded by the jury.

The facts make out such a clear case of the illegal transportation of the liquor that further discussion of the sufficiency of the testimony seems needless.

The motion for rehearing will be overruled.

*Overruled.*