# OCTOBER, 1924.

### Bill Winters v. The State.

#### No. 8492.    Delivered October 8, 1924.

#### Rehearing Denied October 14, 1925.

1.—Transportation of Intoxicating Liquors—Evidence—Held Sufficient.

Where, on a trial for transporting intoxicating liquor, the state proved that the sheriff of Stonewall county, searched the automobile of appellant in a garage in Aspermont, and found one full quart, and part of a quart of whisky under the rear seat. , The testimony of appellant that he had borght the whisky from two strangers in the toilet of the garage, did not seem to impress the jury as being the truth. The evidence is held sufficient to support the conviction. See Lamb v. State, 95 Tex. Crim. Rep. 457 and other cases cited.

2.—Same—Evidence—Properly Admitted.

There was no error in permitting the owner of the garage in which the appellant was arrested after testifying that he was at and near the auto of appellant while it was in his garage and to give his opinion to the effect that no one placed the liquor in the car, while in his garage, in the light of the explanation of the court and the entire evidence of said witness.

##### ON REHEARING.

3.—Same—Evidence Held Sufficient.

Appellant's contentions in his motion for rehearing, supported only by his own unreasonable testimony as to the presence of the whisky in his car, having been placed there by two strangers, reminds us that in whisky cases, the "ubiquitous stranger" who inveigles the unsuspecting citizen into parting with his good money, on the promise that he will somehow, somewhere, sometime, and surreptitiously get some whisky to him, is becoming a greater menace to our state than he was in the early days to horse owners. No jury ever having seen or heard him testify on a trial, they do not seem to be unduly impressed with a belief in his existence.

Appeal from the District Court of Stonewall county.    Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty, one year in the penitentiary.

The opnion states the case.

*Stinson, Combs & Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the transporting of intoxicating liquor, punishment being one year in the penitentiary.

Appellant in an automobile left his home at Guthrie to go to Merkel. His route would take him through Aspermont. At the latter place he drove into a garage to have a tube in a spare casing repaired. The sheriff testified that as appellant was backing his car out of the garage he was caused to stop it by the officer who found under the back seat one full quart of whiskey and another about two-thirds full. It was the theory of the State that the liquor was in the car when appellant drove it into the garage. Appellant denied this, his claim being that he met two strangers in a toilet back of the garage, bought the whiskey from them upon their promise to put it in his car, and that the last he saw of them they were going towards the garage. Appellant admits that he intended to continue his journey with the whiskey, but claims he did not back the car out of the garage, and that he had not gotten in the car when the sheriff apprehended him and discovered the liquor. Mr. Senter, the garage owner, testified that he thought one of the employees backed the car out as it was the custom for them to do so to avoid accidents. If appellant had the whiskey in the car when he drove into the garage he would be guilty of having unlawfully transported it. If he procured the whiskey and had the sellers place it in the car while it was in the garage, and he backed the car out intending to continue his journey with the whiskey in it, or if one of the men employed at the garage backed the car out for appellant in order that he might continue his journey, appellant knowing the whiskey was then in the car, the transportation would have begun, and upon either horn of the dilemma, appellant would be guilty. Lamb v. State, 95 Tex. Crim. Rep., 457, 255 S. W. 424; Lee v. State, 95 Tex. Crim. Rep. 654, 255 S. W. 425; Coburn v. State, 255 S. W. 613; Black v. State, 255 S. W. 731; Hamon v. State, 259 S. W. 1083. The court properly refused the requested instruction for a peremptory verdict of acquittal.

Complaint is made that the court over objection permitted the witness, Senter, to give it as his opinion that no one placed the liquor in appellant's car while it was in the garage. In view of the explanation to the bill and the entire evidence of such witness we think there is no merit in the contention.

Bills of exception three and four present no error when considered in the light of the court's explanation of the matters therein brought forward for review.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his original and able supplemental motions appellant urges that the facts do not make out a case of guilt. His argument seems based almost entirely on the hypothesis that the jury must accept as true the testimony of appellant. There is no such rule. It is undisputed that he drove his car on the occasion in question into a garage which was about 50 feet wide and left it standing about 15 feet inside for approximately ten minutes while one of the employes fixed a leak in the spare tube. The car was then backed out of the garage either by appellant or an employe and appellant was in the car and about to continue his journey on to a neighboring town when the sheriff came up, searched the car and found a quart bottle of white whiskey and a fruit jar about two thirds full of red whiskey under the back seat. Appellant swore that while his tube was being repaired he went to a toilet and there found two strangers who were drinking and who gave him a drink, and who told him they would like to sell him some whisky, and from whom he bought two quarts of said liquor for which he paid them $10.00. They agreed to put the whiskey in his car. He swore that he had at no time seen the whiskey and did not see it placed in the car, and that when he got in the car just before the sheriff arrested him and searched the car, he knew nothing more about the presence of whiskey there than as above stated. These ubiquitous strangers who infest our country and inveigle our people into, buying whiskey, stolen horses, cattle and other property, and otherwise get our citizens in so much trouble, are a great menace to the peace and safety of the community. Invariably they are like the Arabs who "Fold their tents and as silently steal away." They refuse to appear in court and back-up the stories of their victims. They are constantly imposing upon credulous people. In this instance it seems that they induced appellant to buy "sight unseen" two quarts of whisky and received from him $10.00 in money, paid upon his faith in their promise that they would find his car in broad open daylight, in a public garage, and put two quarts of whiskey under the seat. The visibility of said strangers is seriously brought in question by the testimony of Mr. Senter, the garage man, who says he was in his garage and around the car in question during the entire time it was in there and that no strangers came in during said time, and that no one placed any packages under the seat of appellant's car; that had such things taken place he would of necessity have seen same. The trustworthiness of appellant's plea was for the jury. The liquor was un-

questionably found in his car. From the jury's standpoint they were given two ways of, accounting for its presence, one of which was that it was placed in the car by these apparently invisible and unknown "strangers." The other was that it was in the car when it was driven into the garage by appellant. If this presented any dilemma to the jury they had a right to take either horn they saw fit, it being their province to accent or reject the testimony of the accused. They evidently did not believe his story. We have no criticism to make of the jury for refusing to believe it. In our opinion their conclusion of guilt was supported by the testimony.

Nothing in West v. State, 248 S. W. Rep. 371, antagonizes our holding. The accused in that case was seen loitering near where a suit case full of liquor was found. Another party was with him. From the entire record it did not appear to us that the testimony supported the belief that the accused transported the liquor in question.

The motion for rehearing will be overruled.

*Overruled.*