# NOVEMBER, 1924.

### W. M. BRAMLETT v. THE STATE.

No. 7320. Delivered November 12, 1924.

Rehearing denied, February 18, 1924.

1.—Transporting Intoxicating Liquor—Indictment—Motion to Quash—Properly Refused.

It was not error for the court to refuse to quash the indictment for its failure to charge that the liquor was not transported for the personal use of

appellant. See Copeland v. State, 92 Tex. Crim. Rep. 554. Nor was it necessary for the indictment to charge that the liquor was transported for the purpose of sale.

### 2.—Same—Special Charge—Properly Refused.

The court did not err in refusing a special charge requested by appellant in which he sought to have the jury told that if he had in his possession the intoxicating liquor, as charged in the indictment for his own personal use and not for sale, he should be acquitted. Appellant was not charged with the possession of intoxicating liquor, but with its transportation, and the charge did not present a correct proposition of law.

### 3.—Same—Charge of Court—Special Charge—Properly Refused.

The court properly refused to charge the jury at the request of appellant, that if he was going to some point in New Mexico, on the trip in question that he would have the right to carry said intoxicating liquor for his own personal use. It is not lawful to so transport such liquor.

Appeal from the District Court of Brown County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty, two years in the penitentiary.

The opinion states the case.

*T. R. Mears,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Distict Court of Brown County of the unlawful transportation of intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The court did not err in refusing to quash the indictment for its failure to charge that the liquor was not transported for the personal use of appellant. Copeland v. State, 92 Texas Crim. Rep., 554. Nor was it necessary for the indictment to charge that the liquor was transported for the purpose of sale. Stringer v. State, 241 S. W. Rep., 159. Appellant was arrested in Brown County in possession of some three and one-half gallons of whisky. He did not take the stand in his own behalf, nor did he introduce a single witness.

Appellant complains of the refusal of a special charge in which he sought to have the jury told that if he had in his possession the intoxicating liquor as charged in the indictment but same was for his own personal use and not for sale, he should be acquitted. We do not think the charge called for by the evidence, nor that it presents a correct proposition of law. Under the unquestioned testimony appellant was transporting said three and one-half gallons of intoxicating liquor through Brown County at the time he was

arrested.   There appears a statement made by a State witness who was accompanying appellant on his trip who stated on cross-examination that as appellant was passing through Hamilton County going toward Brownwood he got out of the car at a certain place and got the whisky and put it in the car and that he told witness that he had rheumatism of the kidneys and that the doctors told him to drink it.   Neither appellant nor any other person testified that in fact he was afflicted with any disease, nor is it made to appear that in any kind of good faith he needed the application of liquor or anything else for any physical ailment.   The testimony as to the statement made by appellant to the witness Pruitt, was hearsay.   It is not the law of this State that one may transport liquor and escape the consequences of such violation by claiming that he had it for his own personal use and not for sale.

Appellant complains of the refusal of the trial court to submit to the jury an instruction that if he was going to some point in New Mexico on the trip in question that he would have the right to carry said intoxicating liquor for his own personal use.   There is no such exception in our statute, and we know of no legal permission to so transport such liquor.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—The facts are stated in the original opinion.   No exceptions are taken to the charge of the court on the ground that it did not submit the theory of transportation of intoxicating liquor for medicinal purpose.   No special charge was asked submitting said issue to the jury.   The only special charge which was asked, complaint of the refusal of which is urged, was one asking that the jury be told that the appellant had the right to transport intoxicating liquor for his own use.   As stated by us in the original opinion, this is not the law.   In the absence of some complaint of the charge as given, or of the refusal of some special charge presenting what the accused deems a correct presentation of the law, this court has no option other than to conclude that the charge on the point as given was satisfactory.

Appellant indulges in much discussion of the statement in our opinion that the testimony of the man who was accompanying appellant at the time he found the liquor by the roadside as to what was said by appellant, was hearsay.   There is no doubt but that it was. It was not rejected by the court for that reason, or for any other. Hearsay may be a part of the *res gestae* under some circumstances. The testimony under discussion may have been admitted by the

trial court with this fact in mind. However, that may be, it does not operate to change or affect the settled legal proposition that one who is dissatisfied with the charge of the court must except to same, and, in most cases, must present a special charge correcting the error excepted to. As stated above, neither of these things was done by appellant.

The motion for rehearing will be overruled.

*Overruled.*