Walker v. State.

PAUL B. WALKER V. STATE OF NEBRASKA.

FILED DECEMBER 31, 1924.    No. 23938.

1. Criminal Law: REVIEW. Affidavits submitted to the district court for the purpose of showing error during the trial of a case cannot be considered in the supreme court on review unless preserved in the bill of exceptions.

2. Intoxicating Liquors: INFORMATION: FORFEITURE OF AUTOMOBILE. A duly verified information charging an individual defendant with the unlawful transportation of intoxicating liquors by means of an automobile which is properly described, stating the time and place of the offense and designating the automobile as an additional defendant, may be sufficient to support a forfeiture of the automobile.

3. Criminal Law: EVIDENCE UNLAWFULLY OBTAINED: ADMISSIBILITY. In a prosecution for the unlawful transportation of intoxicating liquors, evidence procured by an unauthorized search of defendant and by seizure of his property without a search-warrant is not for that reason inadmissible.

Walker v. State.

4. ———: STATUTE: CONSTITUTIONALITY. The statute prohibit-
ing the transportation of intoxicating liquor is not unconstitu-
tional as authorizing cruel or unusual punishments.

ERROR to the district court for York county: LOVEL S.
HASTINGS, JUDGE. *Affirmed.*

*George W. France* and *Charles F. Stroman,* for plaintiff
in error.

*O. S. Spillman, Attorney General,* and *Lee Bayse, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD and
THOMPSON, JJ.

ROSE, J.

In the district court for York county a jury found Paul
B. Walker, defendant, guilty of transporting intoxicating
liquor in violation of law by means of an automobile.
Sentence on the verdict was suspended conditionally, but
forfeiture of the automobile was ordered. As plaintiff in
error, Walker presents for review the record of his con-
viction.

In one of the assignments of error the information is
challenged on the ground that it does not contain any
charge against the automobile. The information was filed
in the police court of York. Originally it contained three
counts. In the second the use of the automobile by Walker
for the unlawful transportation of intoxicating liquor in
York county was specifically charged and the automobile
itself was declared to be a nuisance. This count, however,
was eliminated by a *nolle prosequi* before the verdict of
guilty was returned. Irregularity on the part of the county
attorney in abandoning the second count during the trial
is made the subject of an assignment of error which is
unavailing for the reason that the affidavits relating to this
subject were not preserved in the bill of exceptions. In
the third count Walker was accused of having unlawful
possession of intoxicating liquor, but he was convicted of
that offense in the police court of York and paid therefor
a fine of $100. It was under the first count, therefore, that

forfeiture of the automobile was ordered.  Was the charge sufficient?  In addition to Walker, "One Durant Six Automobile, Engine No. DX11405," was designated as a defendant.  The time and place of the unlawful transportation by Walker were specifically stated.  The first count concludes as follows:

"Paul B. Walker, then and there being, did then and there unlawfully transport intoxicating liquor along, over and upon the public highways of and in said county of York and state of Nebraska, in and by means of one Durant Six Automobile, Engine No. DX11405, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Nebraska."

The unlawful acts were stated. Comp. St. 1922, sec. 3274. The failure to charge the conclusion that the automobile was a common nuisance was not a fatal defect.  Walker was fully apprised of his offense and of the use of his property for an unlawful purpose.  The first count in connection with the formal parts of the information, duly verified, was sufficient. *Smith v. McNulty*, 107 Neb. 505.  This assignment of error is therefore overruled.

The evidence is assailed as insufficient to sustain the conviction.  Walker drove into the city of York and parked his car in a public street near a club-house.  As he alighted a police officer searched him and took from his person a pint of intoxicating liquor.  He was arrested and his automobile seized.  The evidence is sufficient to sustain a conviction for unlawful transportation of the liquor.  In this connection it is argued, however, that all the evidence of guilt was the result of a search of Walker's person and property without a search-warrant, in violation of his constitutional rights, and that therefore there is no competent proof to sustain the verdict.  In this state the law has been declared to be otherwise.  Evidence procured by an unauthorized search and seizure is not for that reason inadmissible. *Billings v. State*, 109 Neb. 596.  It is shown by the testimony that Walker transported intoxicating liquor in his automobile.  That he did so in violation of

statute is inferable from the evidence. The conditions authorizing a forfeiture were proven.

It is argued further that the statute permits the imposition of unusual or cruel punishment and is for that reason void. The law is otherwise. *Robinson Cadillac Motor Car Co. v. Ratekin,* 104 Neb. 369.

In giving or refusing instructions no prejudicial error has been found. There does not seem to be any ground for a reversal.

AFFIRMED.

Note—See Criminal Law, 17 C. J. sec. 3470; 16 C. J. secs. 1110, 3192.