COMMONWEALTH *vs.* JOHN DZEWIACIN.

Worcester.    March 20, 1925. — April 16, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor*, Transportation.    *Practice, Criminal*, Charge to jury, Exceptions.

Transportation of distilled spirits in a motor vehicle in the Commonwealth is a violation of St. 1923, c. 370.

A complaint, charging that the defendant "did unlawfully transport in a certain vehicle to wit; a motor vehicle, distilled spirits, spirituous and intoxicating liquor to wit; a beverage containing more than two and three-quarters per cent alcohol by weight at sixty degrees Fahrenheit, without having obtained a permit or authority required therefor under the law of the United States and the regulations made thereunder," sets forth a violation of St. 1923, c. 370, fully and plainly, substantially and formally, so that the defendant can understand the charge and prepare his defence.

St. 1923, c. 370, is not violative of the Fourteenth Amendment to the Constitution of the United States or of art. 12 of the Declaration of Rights of the Commonwealth, and is constitutional.

St. 1923, c. 370, is not in conflict with 41 U. S. St. at Large, 308, c. 85, Title II, § 3.

It is not necessary for the Commonwealth in proving a violation of St. 1923, c. 370, to prove that the defendant knew that he was transporting liquor that was intoxicating as defined in G. L. c. 138, § 3, and that it was to be used for beverage purposes, nor that the transportation by the defendant was for an unlawful purpose.

By reason of the provisions of G. L. c. 278, § 7, it was not necessary for the Commonwealth, at the trial above described, to prove that the defendant had "not obtained the permit or authority required therefor by the laws of the United States or regulations made thereunder."

The judge at the trial of a complaint charging a violation of St. 1923, § 370, in illustrating an instruction that it was unnecessary for the Commonwealth to prove guilty knowledge or unlawful intent on the part of the defendant, stated that a conductor of a street car or a conductor on a steam railroad, who took on a passenger with intoxicating liquor in his possession, could be found guilty; that the railroad company might be found guilty, although the passenger concealed the liquor so that the conductor did not know of its presence.    The defendant excepted. *Held*, that, while the instruction was error, it was given only by way of illustration, had no application to the circumstances and facts involved in the case on trial, and was harmless error since the charge as a whole was legally correct.

COMPLAINT, received and sworn to in the Central District Court of Worcester on December 24, 1924, charging that the

defendant "did unlawfully transport in a certain vehicle to wit; a motor vehicle, distilled spirits, spirituous and intoxicating liquor to wit; a beverage containing more than two and three-quarters per cent alcohol by weight at sixty degrees Fahrenheit, without having obtained a permit or authority required therefor under the laws of the United States and the regulations made thereunder."

On appeal to the Superior Court, the complaint was tried before *Dillon,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict of not guilty be entered for reasons described in the opinion. The motion was denied. The defendant then asked for the following rulings:

"1. The Commonwealth must prove that this defendant knew that he was transporting liquor which was intoxicating as defined in G. L. c. 138, § 3, and that it was to be used for beverage purposes.

"2. The Commonwealth must prove that the transportation by this defendant must have been for an unlawful purpose before there can be a conviction had against him.

"3. The Commonwealth must prove that the defendant has not obtained the permit or authority required therefor by the laws of the United States or regulations made thereunder.

"4. The Commonwealth must prove that the liquor transported was illegally obtained, or was for an illegal purpose, and that such intention for illegal use must be proven by the Commonwealth beyond a reasonable doubt.

"5. The Commonwealth must prove that the vehicle used to transport was owned and controlled by the defendant for illegal purposes of transportation.

"6. The Commonwealth must prove that whatever the purpose of this defendant was in the alleged transportation of liquor, it was unlawful or the jury must be charged as to what transportations are legal and what transportations are not legal, and the fact of the purpose of said transportation be left with them.

"7. The Commonwealth has failed to prove beyond a reasonable doubt the essential allegations of the complaint

in this case made under St. 1923, c. 370, and your verdict must be not guilty."

The rulings were refused.

In the course of his charge, the judge, subject to exceptions by the defendant, instructed the jury as follows: "The law in this case is sweeping. It is unnecessary for the government to prove guilty knowledge or unlawful intent in connection with this complaint of the defendant. For example, and by way of illustration, under this law a conductor on a street car could be found guilty of transporting intoxicating liquor contrary to the statute in question if he took on a passenger who happened to have in his possession intoxicating liquor, and similarly the street car company which employs the conductor, though it did not know that it was transporting liquor and had no intention to do so would be violating this statute. So also, a conductor on a Boston and Albany Railroad train could be convicted under this law if a passenger on his train had liquor in his possession, and likewise the Boston and Albany Railroad Company, though the liquor may have been so concealed by the passenger as to make it impossible for the conductor to notice or discover it. We must, therefore, rule out of consideration any question of intention or guilty state of mind in connection with this offense charged against this defendant."

The defendant was found guilty and alleged exceptions.

*H. J. Meleski,* for the defendant.

*E. G. Norman,* Assistant District Attorney, (*C. B. Rugg,* Assistant District Attorney, with him,) for the Commonwealth.

CARROLL, J. Evidence was introduced tending to show that on the date alleged in the complaint the defendant operated a motor vehicle and carried therein a receptacle containing distilled spirits. The defendant moved that a directed verdict in his favor be ordered. This motion was denied. The jury found the defendant guilty.

The defendant contends that the transportation of distilled spirits in the manner shown is not an offence. By G. L. c. 138, § 2, the sale or keeping for sale of intoxicating liquor is prohibited. By St. 1923, c. 370, no person shall transport "by air craft, water craft or vehicle" intoxicating

liquor.   G. L. c. 138, § 3, specifies distilled spirits as intox-
icating liquor, within the meaning of the chapter.   If the
jury were satisfied that distilled spirits were transported by
the defendant in a motor vehicle the offence was proved.

The prohibition against transportation is limited to trans-
portation by "air craft, water craft or vehicle."   A motor
vehicle as stated in the complaint is a vehicle of the kind
mentioned in the statute.

The defendant contends that the crime is not fully set out
as required by Article 12 of the Declaration of Rights.   The
complaint sets forth the offence fully and plainly, substan-
tially and formally, so that the defendant could understand
the charge and prepare his defence.   *Commonwealth* v.
*Robertson,* 162 Mass. 90, 96.

The third reason stated in the defendant's motion for a
directed verdict is that the statute prohibiting the transpor-
tation of intoxicating liquor in the manner stated is contrary
to the Fourteenth Amendment to the Constitution of the
United States and to art. 12 of the Declaration of Rights.
There is nothing in this contention.   It is settled law that
a State has the absolute power to prohibit the transportation
of intoxicating liquors within its borders without infringing
the guarantees of the Fourteenth Amendment.   *Crane* v.
*Campbell,* 245 U. S. 304.   *Samuels* v. *McCurdy,* 67 U. S.
188, and cases cited.   The defendant was not deprived of
his property without due process of law.   Article 12 of the
Declaration of Rights was not violated.   The statute was
passed in the exercise of the police power of the Common-
wealth.   It sought to prohibit the traffic in intoxicating
liquors; it in no way violated the provisions of our State or
of the Federal Constitution.   *Chase* v. *Proprietors of Revere
House,* 232 Mass. 88, 96.   See *Miller* v. *Horton,* 152 Mass.
540, 549.

The defendant further contends that the statute under
which the complaint was brought is in conflict with the laws
of the United States, and especially with section 3, Title II,
of the National Prohibition (Volstead) Act of October 28,
1919; 41 U. S. St. at Large, 308, c. 85, Title II, § 3.   The
Volstead Act, Title II, § 3, prohibits the transportation of

intoxicating liquor; in the Massachusetts statute the general transportation of intoxicating liquor is not forbidden, the transportation prohibited in the State statute being restricted to transportation by air craft, water craft and vehicles. The two statutes differ in the alcoholic content as a test for determining the meaning of the phrase "intoxicating liquor," and there may be other differences in the language and meaning of the two statutes. But none of these differences is sufficient to bring our statute in conflict with the Act of Congress. The same purpose and end are sought by both statutes. The legislation of the Commonwealth on the subject of intoxicating liquor "in definitions, administrative agencies and penalties, may differ from but cannot be antagonistic to the Act of Congress." *Commonwealth* v. *Nickerson,* 236 Mass. 281, 308. *Samuels* v. *McCurdy, supra. United States* v. *Lanza,* 260 U. S. 377, 382. There is no real antagonism in the two statutes and our statute in no way seeks to give validity to acts prohibited by the Federal Constitution.

The defendant's requests for rulings were refused properly. The Commonwealth was not required to prove that the defendant knew he was transporting liquor which was' intoxicating, or that it was to be used for beverage purposes. The transportation of liquor in a vehicle is forbidden regardless of intent or guilty knowledge. The transportation in any of the ways mentioned in the statute constitutes the offence. The doing of the prohibited act is a criminal offence, regardless of the motive which prompted it. That question was settled in *Commonwealth* v. *Mixer,* 207 Mass. 141. It was said in that case, at page 142: "The doing of the inhibited act constitutes the crime and the moral turpitude or purity of the motive by which it was prompted and knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt." *Commonwealth* v. *Pentz,* 247 Mass. 500, 510. *Pawloski* v. *Hess,* 250 Mass. 22.

The third request for rulings, to the effect that the Commonwealth must prove that the defendant had not obtained the permit or authority under the laws of the United States or regulations made thereunder, was also refused properly. G. L. c. 278, § 7, provides that a defendant in a criminal

prosecution who relies for his justification upon a license, appointment or authority, shall prove the same, and until so proved, the presumption is that he is not so authorized. There was no error in refusing to give the remaining requests asked for by the defendant.

The judge fully and accurately instructed the jury on all material questions, that it was unnecessary for the Commonwealth to prove guilty knowledge or unlawful intent on the part of the defendant; but in the course of his charge and by way of illustration he said that a conductor of a street car or a conductor on a steam railroad, who took on a passenger with intoxicating liquor in his possession, could be found guilty; that the railroad company might be found guilty, although the passenger concealed the liquor so that the conductor did not know of its presence. This part of the charge had no application to the facts in the case, and it was wrong as matter of law. A railroad company may be found guilty of transporting intoxicating liquor if it takes for carriage a package without knowledge of its contents or that it contained liquor, and although it did not intend to carry intoxicating liquor. In that case its intention was to transport the package, its contract of carriage included it, it was the bailee of the package; it was liable if in fact the package contained intoxicating liquor. But a railroad company or other carrier is not guilty of transporting liquor contrary to law, when it undertakes to transport a passenger and he has intoxicating liquor upon his person or in his baggage, which he keeps in his own custody and control. See *Whicher* v. *Boston & Albany Railroad*, 176 Mass. 275. The carrier in that event is transporting the passenger, he is not transporting intoxicating liquor within the meaning of the statute we are considering. The intoxicating liquor is not in his control or custody.

But however erroneous this part of the charge was, it was given only by way of illustration; it had no application to the circumstances and facts involved in the case on trial. The charge as a whole was legally correct and the error was harmless. None of the defendant's rights were injured by this illustration.

*Exceptions overruled.*