## STATE v. JAMES DATTALO.[1]

July 2, 1926.

No. 25,455.

**Evidence sustained conviction for transporting intoxicating liquor.**

Evidence considered and held sufficient to support the charge of transporting intoxicating liquor in violation of an ordinance of the city of Minneapolis.

Intoxicating Liquors, 33 C. J. p. 759 n. 98.

Defendant appealed from an order of the municipal court of Minneapolis, C. L. Smith, J., denying his motion for judgment notwithstanding the verdict or for a new trial after conviction of the offense of unlawfully transporting intoxicating liquor within that city. Affirmed.

*Alex Kanter*, for appellant.

*Neil M. Cronin*, City Attorney, and *Arthur P. Jensen*, Assistant City Attorney, for respondent.

QUINN, J.

Appellant was convicted of unlawfully transporting intoxicating liquor within the city of Minneapolis on November 4, 1925, contrary to the provisions of an ordinance of the city which prohibits the manufacture, sale or transportation of intoxicating liquor of any kind in any quantity whatever within the city. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, the defendant appealed.

[1]Reported in 209 N. W. 903.

Defendant was arrested in the vestibule of the basement of a building in which an upper story was used as a public dance hall. He had in his pocket, when arrested, a bottle of moonshine whiskey. He told the officer that he bought it from a man up in the dance hall. He testified as a witness in his own behalf that he purchased the liquor up in the dance hall; that he had not offered it for sale nor attempted to take it outside of the building. As a defense to the charge of transporting, it is contended in appellant's briefs that the accused paid his admission to the hall for the purpose of purchasing liquor; that possession of such liquor for his own consumption was not unlawful; that before he can be lawfully convicted the prosecution must show that he had such liquor in his possession for sale or other unlawful disposition.

An examination of appellant's own testimony, which need not be here recited, discloses that appellant procured the bottle of whiskey up in the dance hall; that he then went downstairs with a couple of companions; that he had his overcoat on and hat in his hand; that, as he reached the vestibule of the basement, he was arrested and the liquor was found in his pocket.

In Scaggs v. Com. 196 Ky. 399, 244 S. W. 799, it was held that transporting liquor from one part of a farm to another part of the same farm was unlawful although on the same premises and a conviction of transporting liquor was sustained. In Winters v. State (Tex. Cr.) 275 S. W. 1015, it was held that one backing a car out of a public garage, having liquor in it, was guilty of transporting.

In Thomas v. State (Okla. Cr.) 226 Pac. 600, it was held that, where it was apparent that the removal of liquor was made to facilitate the barter or sale of the liquor, the distance over which it was carried or moved was immaterial and that it was not necessary that the ultimate destination should be a fixed point.

In the case of State v. Redmond, 73 Mont. 376, 237 Pac. 486, defendant went into a toilet in the rear of a pool-room, got a bottle of intoxicating liquor, walked 20 feet to where the prosecuting witness was standing, then walked 25 feet further where the liquor was sold to prosecuting witness. *Held* the evidence was sufficient to establish charge of transporting intoxicating liquor.

We are of the opinion and hold that the testimony supports the charge of transporting intoxicating liquor as charged in the complaint.

Affirmed.