### STATE v. SAM THORNSON AND ANOTHER.[1]

February 25, 1927.

No. 25,864.

**Automobile condemned for transportation of liquor.**

1. The automobile of a defendant who is found guilty of the unlawful transportation of intoxicating liquor may be condemned under G. S. 1923, § 3230, though the owner was carrying the liquor in his pockets, for the use of himself and his companion, and not for sale, and was using his auto as a conveyance.

**Statute does not deny due process.**

2. G. S. 1923, § 3230, is not unconstitutional as denying due process.

**Nor prescribe cruel and unusual punishment.**

3. Nor is it unconstitutional as prescribing cruel or unusual punishment.

Constitutional Law, 12 C. J. p. 1251 n. 93.
Criminal Law, 16 C. J. p. 1355 n. 21 New.
Intoxicating Liquors, 33 C. J. p. 670 n. 59, 61.

Defendant Sam Thornson appealed from a judgment of the district for Rice county, Senn, J. Affirmed.

*H. H. Dunn*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Lucius A. Smith*, County Attorney, for the state.

[1]Reported in 212 N. W. 591.

DIBELL, J.

Proceeding under G. S. 1923, § 3230, for the condemnation of One Buick Sedan Automobile upon the ground that it was unlawfully used in the transportation of intoxicating liquor. There was judgment of forfeiture and the defendant Thornson appeals.

1. On September 6, 1925, the defendant Thornson was convicted in the district court of Rice county of the unlawful transportation of intoxicating liquor on his plea of guilty and was fined $150. He had purchased two half pint bottles of alcohol and some near beer at Albert Lea and proceeded north. At Northfield in Rice county he was arrested and his automobile seized. He was on his way with another man to the Twin Cities to attend the state fair. He carried the liquor in his pockets. He did not intend to sell it. It was intended for the use of himself and his companion.

It is not essential to the offense of unlawful transportation that there be a purpose to sell. State v. Andrew Brothers, 144 Minn. 337, 175 N. W. 685; Miller v. Com. 135 Va. 597, 115 S. E. 512; Goble v. State, 98 Tex. Cr. 656, 267 S. W. 722. It is not a defense that it was intended for personal use. Steinwach v. Com. 197 Ky. 262, 246 S. W. 795; Coolbaugh v. State, 93 Tex. Cr. 312, 247 S. W. 284; Bramlett v. State, 99 Tex. Cr. 200, 268 S. W. 739; Green v. Com. 195 Ky. 698, 243 S. W. 917. Speaking of the Eighteenth amendment, § 1, 40 St. 1050, 1941, G. S. 1923, vii, referring to the transportation of intoxicating liquors, the court said in Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 Sup. Ct. 504, 67 L. ed. 894, 27 A. L. R. 1306:

"In that sense transportation comprehends any real carrying about or from one place to another. It is not essential that the carrying be for hire, or by one for another; nor that it be incidental to a transfer of the possession or title. If one carries in his own conveyance, for his own purposes, it is transportation no less than when a public carrier at the instance of a consignor carries and delivers to a consignee for a stipulated charge."

There was clearly transportation in violation of the statute. State v. Dattalo, 168 Minn. 129, 209 N. W. 903; State v. Fries, 169 Minn.

320, 211 N. W. 310; Asher v. State, 194 Ind. 553, 142 N. E. 407, 143 N. E. 513; Berry v. State, 196 Ind. 258, 148 N. E. 143; Waterhouse v. State, 98 Tex. Cr. 255, 265 S. W. 558; Morgan v. State, 99 Tex. Cr. 520, 270 S. W. 853; People v. Ninehouse, 227 Mich. 480, 198 N. W. 973; Commonwealth v. Dzewiacin, 252 Mass. 126, 147 N. E. 582.

The statute provides that if the property is "used for or in connection with the transportation of intoxicating liquor in violation of the constitution or law of this State or of the United States," it shall be condemned and sold upon execution. G. S. 1923, § 3230. See State v. One 1921 Cadillac Touring Car, 157 Minn. 138, 195 N. W. 778. The defendant contends that the statute does not apply when the intoxicating liquor is carried for personal use, and that in such case the auto is not used in the unlawful transportation of liquor, the transportation being but an incident to the use. That the transportation is unlawful, though the liquor is intended for personal use, is clear. In Walker v. State, 113 Neb. 19, 201 N. W. 640, a seizure and condemnation of an auto was sustained. All that the opinion discloses is that the defendant parked his car in a public street near a clubhouse, and that as he alighted an officer searched him and took from his person a pint of intoxicating liquor. The defendant cites Tutton v. State, 28 Ga. App. 152, 110 S. E. 455. In many respects the case is similar in its facts. The defendant was carrying a quart bottle of whiskey in his pocket and was traveling in his automobile. The court held that the evidence was insufficient to establish as a matter of law that the car was used by the owner in conveying liquor in contravention of the statute. It said it was a question of fact. In the case before us there is a finding of transportation as a fact. In Crapp v. State, 23 Ga. App. 257, 98 S. E. 174, the defendant was traveling in his auto and had a quart bottle of whiskey in his grip. He had it for his own use and not for the purpose of delivering it to any person. His automobile was condemned. In sustaining the judgment of condemnation the court said:

"Under the plain and explicit terms of the act itself, the fact that the liquors or beverages thus conveyed were for the personal use of the owner or operator of the vehicle would not alter the rule, but the provision is that the mere use of a vehicle wherein and whereby any of the enumerated liquors are conveyed with the knowledge of the owner renders the vehicle subject to seizure and sale, regardless of what may have been the reason in thus using the vehicle, or what may have been the purpose as to the use or disposition of the liquors. To hold otherwise would entirely emasculate these provisions of the act, and in practice would defeat every purpose for which they were enacted."

Our statute should have the same construction. The defendant, as he confessed by his plea, was unlawfully transporting liquor, and his auto was used for or in connection with the transportation. That this was the first or isolated use of the auto for unlawful transportation is not of consequence. State v. Stephens, 109 Kan. 254, 198 Pac. 1087.

2. The provision in the statute for forfeiture is not unconstitutional as denying due process. Van Oster v. Kansas, 272 U. S. 465, 47 Sup. Ct. 133, 71 L. ed. 143, affirming State v. Van Oster, 119 Kan. 874, 241 Pac. 112; Goldsmith-Grant Co. v. U. S. 254 U. S. 505, 41 Sup. Ct. 189, 65 L. ed. 376; Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. ed. 205. The auto was seized when engaged in the violation of law. There was an opportunity to the owner to be heard. See Chatham Motor Co. v. Griffith, 157 Ga. 802, 122 S. E. 218.

3. Nor is it unconstitutional as prescribing cruel or unusual punishment. Walker v. State, 113 Neb. 19, 201 N. W. 640; House and Lot v. State, 204 Ala. 108, 85 So. 382, 10 A. L. R. 1589. The right of the sovereign to forfeit property used in the accomplishment of an illegal act is recognized everywhere. The suggestion that the remedy is too severe should be addressed to the legislature. Our statute is not nearly so drastic as the statutes of some states for it protects an innocent owner or lienor of the auto. See State v. Van Oster, 119 Kan. 874, 241 Pac. 112; Van Oster v. Kansas,

272 U. S. 465, 47 Sup. Ct. 133, 71 L. ed. 143; Goldsmith-Grant Co. v. United States, 254 U. S. 505, 41 Sup. Ct. 189, 65 L. ed. 376; 33 C. J. 669, § 363, and cases cited; Dec. Dig. Int. Liq. § 250.

Judgment affirmed.